### No. 777

DEMMA, Extx. v. HARTER et.

Ohio Appeals, 8th Dist., Cuyahoga Co.

No. 7129. Decided March 21, 1927.

**First Publication of this Opinion.**

**225. CHARGE OF COURT**—Failure to give charge before argument, as requested, not cured by incorporation in general charge.

Error to Common Pleas.
Judgment reversed.

Handricks & Handricks, Cleveland, for Demma.
Maurer, Bolton & McGiffin, Cleveland, for Harter et.
LEVINE, J.

In the Common Pleas Court it was decided by a jury that the purported last will and testament of Lucas Harter, deceased, was not the last will and testament of the said Lucas Harter and judgment was entered accordingly.

The record discloses that the deceased, Lucas Harter, Sr., died at the age of 79 years, that his wife, Mathilda Harter, had died some ten or twelve years before, and that there were three children, Mathias Harter, Charles Harter and Lucas Harter, Jr.

The testimony adduced at the trial concerned the life of the testator after the death of his wife.

Mrs. Rose Rini, also named Rose Rini Demma, moved into the testator's property and remained there for a period of two or three years, until the death of the testator. He made his last will and testament wherein he named Mrs. Rini as his beneficiary. Some two or three years previous to the testator's death, one of the sons, Mathias Harter brought an action in Probate Court to have a guardian appointed for his father. Mr. E. C. Schwan was appointed guardian.

The record contains testimony of Mr. Schwan, a reputable attorney at the bar. He testified, among other things, as to the dislike which the testator felt towards his children, and detailed a conversation in which he said:

"That the children had influenced their mother to make a will whereby she left her property to him only during his life and then to the sons."

There is no doubt that the effort to have a guardian appointed somewhat embittered him against them.

There are two principal assignments of error which we shall state in their order:

First: The court erred in refusing to grant certain written requests to charge before argument presented by plaintiffs in error.

It is clearly the duty of the court to give written requests to charge before argument, if they correctly state the law.

The second assignment of error that the trial court erred in permitting, as against objection, the introduction, by defendants in error, of the last will and testament of Mathilde Harter, and the deed from Lucas Harter. Sr., and Mathilde Harter to Mathias Harter. It is explained by counsel for plaintiffs in error that these documents were introduced, in view of the testimony of Mr. Schwan, in order to show that the statements which the testator made to him were contradicted by the recitals contained in these two documents. Testimony of Mr. Schwan merely sought to give the reason why the testator saw fit to leave nothing to the children and to give his property to Mrs. Rini. These two documents, which were introduced in evidence as against objection, in no way refute, or tend to refute, the testimony of Mr. Schwan, and their introduction introduced a new element into the case which, in our opinion, was highly prejudicial to plaintiff in error.

It is argued, as to the first assignment of error, that the trial court supplied the deficiency, or cured his failure to give the charges before argument as requested, by incorporating the same in his general charge to the jury. The General Code makes it mandatory upon the trial court to give written requests to charge before argument, presented by either side, and that the same are to be sent to the jury room for the guidance of the jury.

It is a statutory privilege which no court can deny, if the written requests to charge before argument correctly state the law applicable to the case. When either party is denied this statutory privilege, there is prejudicial error in that the action of the court which deprives the party of a right conferred by statute.

(Sullivan, PJ., concurs. Vickery, J., not sitting.)